UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANINE GORDON,

              Plaintiff,

v.

RYAN MCGINLEY *et al.*,

              Defendants.

11-CV-1001 (RJS)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR JOINT MOTION TO DISMISS THE AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**:

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ........................................................................................................... 3

I.      Plaintiff's Expert Affidavits Are Irrelevant and Should be Excluded ............ 3

II.     Plaintiff's Reliance on *Mannion* is Unavailing ................................................ 5

III.    Plaintiff's Contributory and Vicarious Infringement Claims Should Be

       Dismissed ………............................................................................................ 7

IV.    Plaintiff's State Law Claims Should Be Dismissed With Prejudice ............... 8

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*A&P Brush Mfg. Corp. v. NLRB*
    140 F.3d 216 (2d Cir. 1998) ...................................................................................8

*Arnstein v. Porter*,
    154 F.2d 464 (2d Cir. 1946) ...................................................................................3

*Atlantic Recording Corp. v. Howell*,
    2007 WL 2409549 (D.Ariz. Aug. 20, 2007) ..........................................................7

*Atlantic Recording Corp. v. Howell*,
    2007 WL 3010792 (D.Ariz. Sept. 27, 2007) ..........................................................7

*Atlantic Recording Corp. v. Howell*,
    554 F. Supp. 2d 976 (D.Ariz. 2006) ......................................................................7

*Branch v. Ogilvy & Mather, Inc.*,
    765 F. Supp. 819 (S.D.N.Y. 1990) .........................................................................4

*Churchill Livingstone v. Williams & Wilkins*,
    949 F. Supp. 1045 (S.D.N.Y. 1996) .......................................................................4

*Computer Assocs. Int'l, Inc. v. Altai*,
    982 F.2d 693 (2d Cir. 1992) ...................................................................................3

*Denker v. Uhry*,
    820 F. Supp. 722 (S.D.N.Y. 1992) .........................................................................4

*Durgom v. Janowiak*,
    74 Cal. App. 4th 178, 87 Cal. Rptr. 2d 619 (1999) ................................................8

*Frank's Rest. Inc. v. Lauramar Enters, Inc.*,
    273 A.D.2d 349 (2d Dep't 2000)............................................................................9

*Laureyssens v. Idea Group*,
 964 F.2d 131 (2d Cir. 1992) ...................................................................................3

*Harvey Mach. Co. v. Harvey Aluminum Corp.*,
 9 Misc. 2d 1078 (Sup. Ct. N.Y. Cty.1957)..................................................................9

*Mannion v. Coors Brewing Co.*,
 377 F. Supp. 2d 444 (S.D.N.Y. 2005) ...................................................................1,5,6

*Nichols v. Universal Pictures Corp.*,
 45 F.2d 119 (2d Cir. 1930) .....................................................................................3

*Peter F. Gaito Architecture LLC v. Simone Dev. Corp*,
 602 F.3d 57 (2d Cir. 2010) ......................................................................................6

*Price v. Fox Entm't Group*,
 499 F. Supp. 2d 382 (S.D.N.Y. 2007) ......................................................................4

*Sheldon Abend Revocable Trust v. Speilberg*,
 748 F. Supp. 2d 200 (S.D.N.Y. 2010) ......................................................................3

*Shine v. Childs.*,
 382 F. Supp. 2d 602 (S.D.N.Y. 2005) ......................................................................3

*Time Warner Cable, Inc. v. DIRECTTV, Inc.*,
 497 F.3d 144, 153 (2d Cir. 2007) .............................................................................9

*Vianix Delaware LLC v. Nuance Comm's, Inc.*,
 2010 WL 3221898 (Del. Ch. Aug. 13, 2010)............................................................8

*Walker v. Time Life Films Inc.*,
 78 F.2d 44 (2d Cir. 1986) .......................................................................................3

**Statutes, Rules, and Regulations**

17 U.S.C. § 102(b) .............................................................................................................5

Lanham Act, § 43(a) ..........................................................................................................8

Defendants respectfully submit this reply memorandum of law in further support of their joint motion to dismiss the Amended Complaint in its entirety.

## PRELIMINARY STATEMENT

Plaintiff's rambling opposition brief and improper "expert" affidavits confirm that the Amended Complaint should summarily be dismissed. As demonstrated in Defendants' opening brief, no rational jury could conclude that the McGinley Images are substantially similar to protectable expression in the Gordon Images. No lay observer—whether "ordinary" or "more discerning"—would be disposed to overlook the disparities between the corresponding Images and regard their aesthetic appeal as the same. Indeed, most of the corresponding Images are so completely different from one another that it is difficult to discern any similarities at all, much less conclude that the works are substantially similar. This is not a serious dispute involving hard questions about the precise boundaries between what is and is not protectable in the realm of visual art. To the contrary, plaintiff's claims are frivolous, and the issues presented are, as the Court noted, "about as basic as it gets."

Rather than providing a principled comparison of the various Images, plaintiff instead devotes much of her brief to reciting virtually verbatim Judge Kaplan's decision in *Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444 (S.D.N.Y. 2005). But *Mannion*—which involved photographs that, unlike the Images here, were actually similar—merely sets forth the unremarkable proposition that, when comparing the protectable elements of two works to assess substantial similarity, those elements should not be viewed in isolation. *Mannion* does not help plaintiff because the Images look nothing alike; they are similar—if at all—only in the most general, unprotectable ways. Therefore, the Amended Complaint should be dismissed with prejudice regardless of whether the Court applies an "ordinary observer," a "more discerning observer," or (as plaintiff would have it) a "total-concept-and-feel," test.

Plaintiff's reliance on "art community" expert affidavits is misplaced. Although plaintiff is quick to criticize what she characterizes as defendants' "self-serving" analysis, she apparently fails to realize that her expert analyses are irrelevant and inadmissible. In fact, the Second Circuit has consistently held that expert testimony is not permitted in judging substantial similarity in copyright cases that involve the aesthetic arts, such as music, visual works or literature. Furthermore, plaintiff's experts do not offer any technical analysis or other expert insights beyond what a lay observer or the Court can observe from viewing the Images. As a result, the expert affidavits are irrelevant and should be excluded.

At bottom, it is evident that both plaintiff and her "experts" are concerned with ethical and aesthetic standards of the art community, not the legal standards of copyright law. Plaintiff's supporters have used this lawsuit to vent their subjective beliefs that McGinley's work is "derivative" and not especially original; that his work is a composite of many other photographers; that he has borrowed the ideas of others, including plaintiff, without giving them proper attribution; and that many of the McGinley Images are "rooted" in the Gordon Images. But the issues plaintiff and her experts raise—the sources of their impassioned "outcry"—are simply not actionable. Indeed, several of plaintiff's experts express the view that ideas are not "free for the taking," a contention that is, of course, contrary to basic principles of copyright law. During the pre-motion conference, the Court concisely and aptly summarized the fundamental flaw in plaintiff's case as follows: "There is a difference between infringement and someone whose work is similar or derivative or not particularly original. One is actionable in a court of law. The other is reserved for a court of opinion, either public opinion or expert opinion." (ECF No. 23, Tr. 6:11-21.) Because plaintiff's concerns are reserved for a court of public or expert opinion, her claims in this court of law should be dismissed.

2

**ARGUMENT**

**I.  Plaintiff's Expert Affidavits Are Irrelevant and Should be Excluded**

In a desperate attempt to make this case seem more difficult than it really is, plaintiff has offered affidavits of six supposed experts without offering any support for their admissibility on the issue before the Court, *i.e.*, substantial similarity.  These expert affidavits are improper, irrelevant, and should be excluded.

The Second Circuit has repeatedly made clear that expert testimony is inadmissible on the subject of substantial similarity.  Although expert testimony may be permissible on the issue of "actual copying" (*i.e.*, striking and probative similarities), expert testimony on whether the alleged copying "amounts to an improper or unlawful appropriation" (*i.e.*, substantial similarity) is not permitted under 65 years of Second Circuit case law.  *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946) (holding that, on the issue of "illicit copying (unlawful appropriation) … 'dissection' and expert testimony are irrelevant"); *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 713-14 (2d Cir. 1992) (expert testimony not appropriate "in judging substantial similarity in copyright cases that involve the aesthetic arts, such as ... visual works"); *Laureyssens v. Idea Group*, 964 F.2d 131, 140 (2d Cir. 1992) (expert testimony "irrelevant" on issue of unlawful appropriation); *Walker v. Time Life Films, Inc.*, 78 F.2d 44 (2d Cir. 1986) (confirming rule barring expert testimony on substantial similarity); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119 (2d Cir. 1930) (court should base its determination on its "considered impressions upon its own perusal" and not expert testimony).

Accordingly, district courts routinely reject expert testimony on the issue of substantial similarity.  *See, e.g., Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 205 n.4 (S.D.N.Y. 2010) ("The opinions of experts… are irrelevant to a determination of substantial similarity"); *Shine v. Childs*, 382 F. Supp. 2d 602, 614 (S.D.N.Y. 2005) (rejecting expert

testimony concerning similarity of architectural designs); *Churchill Livingstone v. Williams & Wilkins*, 949 F. Supp. 1045, 1053 (S.D.N.Y. 1996) (expert not needed on illustrations in medical textbooks); *Denker v. Uhry*, 820 F. Supp. 722, 729 (S.D.N.Y. 1992) (rejecting expert's "insightful analysis," because substantial similarity is judged by spontaneous response of ordinary lay observer); *Branch v. Ogilvy & Mather, Inc.*, 765 F. Supp. 819, 824 (S.D.N.Y. 1990) (rejecting expert testimony on substantial similarity between advertisement and cookbook).

Even if plaintiff's expert affidavits were admissible, they offer no technical or specialized insight beyond what the lay observer and the Court can readily observe from the Images. Julio Mitchell, for example, offers no comparison of the Images before summarily concluding that McGinley's "overall treatment and construction of his photography" shows similarity to the "themes and energy" of Gordon's "vision." (Mitchell Affidavit ¶¶ 8-10.) Laetitia Chauvin merely describes the main subjects in several of the Images. (*See* Chavin Affidavit ¶ 8(e).) While free with their own opinions, the experts offer no survey or other evidence to assist the Court in the relevant inquiry: gauging the response of the ordinary lay observer. *See Denker*, 820 F. Supp. at 724.

Indeed, the subjective opinions offered by plaintiff's experts are altogether irrelevant to the Court's substantial similarity analysis. The experts admit that they are not aware of the legal standards for copyright infringement. (*See, e.g.,* Affidavit of Volker Diehl ¶ 9 (admitting he is "unfamiliar" with United States copyright laws).) For this reason alone, the affidavits should be disregarded. *See Price v. Fox Entm't Group*, 499 F. Supp. 2d 382, 389 (S.D.N.Y. 2007) (excluding expert who admitted not knowing the difference between expression and ideas under copyright law). Instead, plaintiff's experts are concerned with "art community" standards that are inapplicable, or inimical, to copyright law. For example, Daniel Cameron opines that if McGinley had "simply acknowledged" he was borrowing Gordon's "ideas and concepts," he

4

would have acted within the tradition of "appropriation art." (Cameron Affidavit ¶ 7.) Similarly, Heather Holden asserts that it is "not accepted" in the art community that "ideas are free for the taking." (Holden Affidavit ¶ 10.) A basic premise of copyright law, however, is that ideas are not protectable. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea"). Because their various opinions are irrelevant to this motion, the Court should exclude plaintiff's "art community" expert affidavits in determining that the works are not substantially similar as a matter of law.

## II. Plaintiff's Reliance on *Mannion* is Unavailing

Plaintiff devotes much of her brief to discussing *Mannion v. Coors Brewing Co.*, which concerned an advertisement that was very similar to a certain photograph of basketball star Kevin Garnett. Both photographs showed muscular black men posed in a similarly relaxed manner, with their hands overlapping near their waists. The men wore white tee shirts and white athletic shorts. The subjects both wore similar watches, bracelets, and necklaces that were arranged in a similar way. Both photographs were shot from below, suggesting that the subjects were towering over the earth. Furthermore, the lighting was similar and both used a cloudy sky as a backdrop. Judge Kaplan denied summary judgment, ultimately concluding that a reasonable jury viewing these many shared elements in combination could find substantial similarity either present or absent. It is clear from the detailed and exhaustive analysis that Judge Kaplan considered *Mannion* to be a difficult case and a very close call.

This case presents no such difficulties. As noted, this case is "about as basic as it gets" because the corresponding Images look almost nothing alike and resemble each other, if at all, in only the most general ways, such as, for example, people kissing, or looking up at the sky, or riding horses, etc. Nevertheless, plaintiff incorrectly suggests that *Mannion's* discussion of the distinction between "ideas" and "expression" somehow mandates denial of defendants' motion.

In *Mannion,* Judge Kaplan opined that the familiar distinction developed in literary copyright cases between an unprotectable "idea" and the protectable "expression" of an idea is not useful in the context of photography. Regardless, however, of whether the idea/expression distinction and terminology is useful in cases involving visual arts, *Mannion* reaffirmed the basic principle that, at some point, the similarities between two photographs will become too general for infringement to be found. Although there are certainly cases where it is difficult to determine whether that point has been reached, this is not one of them. Because the Images are so vastly dissimilar, any general similarities between them are unprotectable, irrespective of terminology.

Plaintiff also contends that Justice Kaplan "felt compelled in *Mannion* to create a new test for visual arts, the 'Total-Concept-and-Feel Test,'" apparently to replace both the "ordinary observer" and "more discerning observer" tests that the Second Circuit has applied to evaluate substantial similarity. But the issue of which test to use is academic because the Images are not substantially similar under any test. There may be difficult cases that turn on which test the Court applies. Once again, however, this case is not one of them because, quite simply, this "is not a serious" dispute. (ECF No. 23, Tr. 10:7-8, 17.)

Furthermore, Judge Kaplan did not create a new test. Judge Kaplan explained that the relevant Second Circuit cases are in harmony that abstract, unprotectable "similarities" cannot support an infringement claim and that "the relevant comparison is between the *protectible elements* in the Garnett Photograph and the Coors Billboard, but that those elements are not to be viewed in isolation" *Mannion*, 377 F. Supp. 2d at 462 (emphasis added). Indeed, the Second Circuit has emphasized that "[n]o matter which test" it applies, the Court is principally guided by comparing the contested work's "total concept and overall feel" with that of the allegedly infringed work, as instructed by its "good eyes and common sense." *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010). As discussed, good eyes, common

6

sense, and a comparison of the work's total concept and overall feel establish that the Images share, at most, abstract, unprotectable "similarities." And the Second Circuit has made clear that when a plaintiff's entire case is based on such unprotectable "similarities," the Court should dismiss it at the threshold under Rule 12(b)(6). *Gaito*, 602 F.3d at 66.

### III. Plaintiff's Contributory and Vicarious Infringement Claims Should Be Dismissed

Plaintiff does not dispute defendants' showing that because the Amended Complaint does not meet the threshold for direct or primary infringement by any defendant, plaintiff's secondary infringement claims also must fail. Plaintiff also does not dispute the fact that her pleading must satisfy the plausibility test—that it must set forth more than "labels and conclusions" or "formulaic recitations of the elements of a cause of action"—and that plaintiff's allegations of contributory and vicarious infringement fail to do so.

In addition, plaintiff does not dispute defendants' showing that plaintiff improperly lumps defendants together in the Amended Complaint in an effort to impose on any defendant secondary liability for the alleged infringement of any other defendant, even though they are not in the same businesses, they have no similar relationship with or to the alleged infringing images, and there are no factual allegations giving rise to a plausible inference that they acted in concert. Plaintiff merely reiterates her incorrect "lumping" allegations. (Pl. Mem. ¶ 45.)

Plaintiff's authority is unavailing to help sustain her contributory and vicarious infringement claims. (*Id*. ¶ 44). A decision on which plaintiff relies, *Atlantic Recording Corp. v. Howell*, 2007 WL 2409549 (D.Ariz. Aug. 20, 2007) (granting plaintiff's motion for summary judgment on infringement claim), was vacated, *see Atlantic Recording Corp. v. Howell*, 2007 WL 3010792 (D.Ariz. Sept. 27, 2007), and a subsequent related decision, *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976 (D.Ariz. 2008), denied the plaintiff record companies summary judgment for failure to establish facts to support direct or contingent liability by the

7

owner of a shared folder containing allegedly copyrighted music.  A second decision on which plaintiff relies, *Vianix Delaware LLC v. Nuance Comm's, Inc.*, 2010 WL 3221898 (Del. Ch. Aug. 13, 2010), is an unpublished, post-trial decision involving claims related to the underpayment of royalties under a technology licensing agreement.  It did not address a copyright infringement claim or the sufficiency of the pleadings and, therefore, is irrelevant.

Finally, plaintiff fails to dispute defendants' showing that the Amended Complaint's conclusory invocations of "alter ego" liability are insufficient and that courts routinely dismiss claims supported only by such conclusory allegations.  In this regard, plaintiff misplaces reliance on *A&P Brush Mfg. Corp. v. NLRB*, 140 F.3d 216 (2d Cir. 1998) (Pl. Mem. ¶ 46), which concerned a petition to review the NLRB's finding that the successor employer was the alter ego of a predecessor employer for purposes of a collective bargaining agreement; that case has nothing to do with the requirements for pleading an alter ego claim under Rule 8.

## IV. Plaintiff's State Law Claims Should be Dismissed With Prejudice

Plaintiff fails to refute defendants' showing that the state law claims should be dismissed with prejudice.  First, plaintiff does not seriously argue that her claims are not preempted by federal copyright law.  She cites only one preemption case, *Durgom v. Janowiak*, 74 Cal. App. 4th 178, 186-87, 87 Cal. Rptr. 2d 619 (1999), a California case involving a non-copyright holder's contractual claim for royalty payments.[1]  Unlike the plaintiff in *Durgom*, however, plaintiff here does claim a copyright interest in the Gordon Images and is attempting to use her state law claims to enforce that interest.  Indeed, plaintiff admits that defendants' preemption arguments concerning the implied contract claims "have some merit" and offers no rebuttal.  (Pl.

---

[1] The remaining cases cited in Plaintiff's preemption section have nothing to do with preemption, but deal with pleading sufficiency.

Mem. at 24.)  Further, plaintiff properly does not dispute defendants' argument that since her state law claims are preempted by the Copyright Act, the Court must enter a judgment dismissing them on the merits, barring her from refiling in state court.

Second, plaintiff's arguments about the validity of her state law claims are similarly unavailing.  She does not mention her trademark dilution claim at all (except in her preemption discussion), effectively conceding that it is legally deficient.  (*See id*. at 23.[2])  As to her false advertising claim, plaintiff states merely that the harm to the public "is obvious," because they "purchased a piece of McGinley art" believing "it was original to him, would retain and improve its value over time, and would not be an expression appropriated from someone else."  (*Id.* at 24.)  In support of this argument, plaintiff relies solely on *Time Warner Cable, Inc. v. DIRECTTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007), a case involving violations of § 43(a) of the Lanham Act (which prohibits "false or misleading" descriptions or representations of fact "in commercial advertising or promotion").  Since plaintiff's claims involve neither commercial advertising nor the Lanham Act, the *Time Warner* case is inapposite.

In support of her "implied confidentiality" claim against the Ratio 3 Defendants, plaintiff contends that a fiduciary duty of confidentiality is inherent in the implied covenant of good faith

---

[2] The trademark dilution cases cited by Plaintiff have no bearing on this case.  *Frank's Rest. Inc. v. Lauramar Enters, Inc.*, 273 A.D.2d 349 (2d Dep't 2000), involved plaintiff's efforts to enjoin the defendant from using plaintiff's registered service mark—"Frank's Steaks"—in the name of defendant's restaurant.  Similarly, *Harvey Mach. Co. v. Harvey Aluminum Corp.*, 9 Misc. 2d 1078 (Sup. Ct. N.Y. Cty.1957) involved plaintiff's efforts to prevent the defendant from using the trade names "Harvey Aluminum" and "Harvey Machine."  Although cited in Plaintiff's preemption discussion, neither case has anything to do with preemption.

9

and fair dealing. (Pl. Mem. at 25.) If this were true, every contract would give rise to a fiduciary relationship and duty of confidentiality. This is simply not the law of New York State. Certainly, plaintiff offers no facts that would suggest the existence of a fiduciary relationship between herself and the Ratio 3 Defendants.

Third, plaintiff contends that her alleged implied contract with the Ratio 3 Defendants does not run afoul of the statute of frauds because it "was fully performed and then terminated . . . all within one year." (*Id.*) Naturally, these admissions directly contradict plaintiff's original allegations that the "implied contracts *are enforceable*" and "*survive termination* of the relationship between plaintiff and the Ratio 3 Defendants" (making the contracts of indefinite duration). (Compl. ¶¶ 107-08 (emphasis added).) If plaintiff's revised version of events is accepted, however, plaintiff has no breach of contract claim, since she now concedes the contract was "fully performed." Furthermore, any such claim would be barred by the six-year statute of limitation, since plaintiff concedes that all contractual obligations ended by 2004.

## CONCLUSION

Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice, in its entirety, and grant defendants any other relief deemed proper.

Dated: New York, New York
July 11, 2011

| KENT, BEATTY & GORDON, LLP | DAVIS & GILBERT LLP |
|---|---|
| By: /s/ Jack A. Gordon | By: /s/ Guy R. Cohen |
| Jack A. Gordon | Guy R. Cohen |
| (*jag@kbg-law.com*) | (*gcohen@dglaw.com*) |
| Joshua B. Katz | Shirin Keen |
| (*jbk@kbg-law.com*) | (*skeen@dglaw.com*) |
| 425 Park Avenue, The Penthouse | 1740 Broadway |
| New York, New York 10022 | New York, New York 10019 |
| (212) 421-4300 | (212) 468-4800 |
| *Attorneys for Defendant* | *Attorneys for Defendant* |
| *Ryan McGinley* | *Levi Strauss & Co., Inc.* |

10

| FRANKFURT KURNIT KLEIN & SELZ, P.C. | BRADY KLEIN & WEISSMAN, LLP |
|---|---|
| By: __/s/_ Edward H. Rosenthal_____<br>Edward H. Rosenthal<br>(*erosenthal@fkks.com*)<br>Nicole I. Hyland<br>(*nhyland@fkks.com*)<br>488 Madison Avenue, 10th Floor<br>New York, New York 10022<br>(212) 980-0120<br>*Attorneys for Defendants Cristobal Perez (erroneously named as Christopher Perez) and Ratio 3 Gallery* | By: __/s/ Margaret M. Brady___<br>Margaret M. Brady<br>(*pbrady@bkwlegal.com*)<br>Ronnie L. Silverberg<br>(*rsilverberg@bkwlegal.com*)<br>501 Fifth Avenue, 19th Floor<br>New York, New York 10017<br>(212) 949-5800<br>*Attorneys for Defendant Team Gallery Inc.* |

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By: __/s/_ Jura C. Zibas_____
  Jura C. Zibas
  (*jura.zibas@wilsonelser.com*)
  Scott M. Smedresman
  (*scott.smedresman@wilsonelser.com*)
  150 East 42nd Street
  New York, New York 10017
  (212) 490-3000
  *Attorneys for Defendants Peter Halpert and Peter Hay Halpert Fine Art*